The Honorable Ricardo S. Martinez

```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

      SEP 27 2024

         AT SEATTLE
   CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                      DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL D. SAFFORD,<br><br>Defendant. | NOS. 24-CR-00143 RAJ<br><br>**PLEA AGREEMENT** |

The United States, through United States Attorney Tessa M. Gorman and Special Assistant United States Attorney Katherine G. Collins of the Western District of Washington and Michael D. Safford and Michael D. Safford's attorney Jeniece LaCross enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.  **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Indictment.

    a.   Unlawful Possession of a Firearm, as charged in Count 1, in violation of Title 18, United States Code, Section 922(g)(1).

Plea Agreement - 1
*United States v. Michael D. Safford*, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense(s).** The elements of the offense to which Defendant is pleading guilty are as follows:

   a. The elements of Unlawful Possession of a Firearm, as charged in Count 1, are as follows:

   (1) First, the defendant knowingly possessed the firearm described in the indictment;

   (2) Second, the firearm had been shipped from one state to another; and

   (3) Third, at the time the defendant possessed the firearm, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

   (4) Fourth, at the time the defendant possessed the firearm, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offense(s) to which Defendant is pleading guilty are as follows:

   a. For the offense of Unlawful Possession of a Firearm, as charged in Count 1: A maximum term of imprisonment of up to 15 years, a fine of up to $250,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100 dollars. If a probationary sentence is imposed, the probation period can be for up to five years.

Plea Agreement - 2
*United States v. Michael D. Safford*, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4. **Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status.

Plea Agreement - 3
*United States v. Michael D. Safford*, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just

Plea Agreement - 4
United States v. Michael D. Safford, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

   a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

   b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

   c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

   d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offense(s). The parties agree on the following facts:

   a. On December 13, 2019, in the U.S. District Court, Western District of Washington, Defendant pleaded guilty to one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A), and 846, and was sentenced to 60 months incarceration, followed by four years of supervised

Plea Agreement - 5
United States v. Michael D. Safford, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  release in Case Number 18-CR-000131-RAJ. Defendant was present during the
2  sentencing.

3      b.    Defendant began supervision in Case Number 18-CR-000131-RAJ
4  on August 8, 2022. A warrant issued for his arrest on May 11, 2023. The Petition (and
5  subsequent Supplemental Petition) alleged that Defendant violated conditions of his
6  supervision by:

7          1)    Consuming marijuana, on or before March 24, 2023;
8          2)    Consuming alcohol and marijuana on or before March 30, 2023;
9          3)    Consuming marijuana and opiates on or before April 14, 2023;
10         4)    Failing to participate in substance use disorder treatment on May 8,
11                   2023;
12         5)    Committing the crime of domestic violence assault, on or about
13                   August 12, 2023, in King County Washington; and
14         6)    Committing the crime of unlawful possession of a firearm, on or
15                   about July 7, 2024, in King County Washington.

16     c.    On July 7, 2024, officers with the Seattle Police Department (SPD)
17 responded to an anonymous complaint that a male was seated in a parked vehicle with the
18 door open and a gun visibly hanging out of his pocket.

19     d.    Upon arrival to the reported location, Seattle Police observed a male,
20 later identified as Defendant, in the driver's side seat of the vehicle with the door open
21 and one of Defendant's legs positioned outside the vehicle. Seattle Police also observed
22 Defendant was asleep, had a handgun hanging out of his left pants pocket, and was seated
23 next to an open container of what appeared to be an alcoholic beverage.

24     e.    Seattle Police retrieved a Springfield Armory XD-M .40 caliber
25 handgun, serial number MB102508, from Defendant's top left pants pocket. The firearm
26 was found loaded with a magazine that contained multiple unspent .40 caliber bullets and
27 an additional .40 caliber bullet in the chamber.

Plea Agreement - 6
United States v. Michael D. Safford, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

f.  Seattle Police then woke Defendant, identified themselves as police, and asked why Defendant had a gun sticking out of his pocket. Defendant immediately felt around his waistband as if to check for a weapon. Seattle Police advised Defendant they already secured the weapon.

g.  Defendant initiated the following conversation with officers:

**SAFFORD:** "You opened the door and there was a gun where?"

**Officer Patin:** "I didn't open the door. Your door was open already. It was hanging out your pocket."

**SAFFORD:** "Take a picture?"

**Officer Patin:** "Took a video. Even better. Hey, look… even better… video. Even better… video. Just walked up quietly. Just said 'Hey, how're you doing? What's going on?' Like… You're not responsive. Han… handle hanging out your pocket."

[Approximate 15-second pause]

**SAFFORD:** "Can't argue with that."

h.  Defendant knowingly possessed the Springfield Armory XD-M .40 caliber handgun, serial number MB102508, a firearm.

i.  The Springfield Armory XD-M .40 caliber handgun in Defendant's possession was manufactured outside the State of Washington and traveled in interstate or foreign commerce.

j.  At the time Defendant possessed the Springfield Armory XD-M .40 caliber handgun, Defendant knew he had been convicted of Conspiracy to Distribute Controlled Substances, in violation of Title 21 USC §§ 841(a) and 841(b)(1)(A), and 846, a crime punishable by imprisonment for a term exceeding one year.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual

Plea Agreement - 7
United States v. Michael D. Safford, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. A base-level offense of 20 under 2K2.1(a)(4) because Defendant committed the instant offense subsequent to sustaining the following felony conviction relating to controlled substances: On December 13, 2019, in the U.S. District Court, Western District of Washington, Defendant was convicted of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A), and 846.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, if the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11. **Sentencing Recommendation in New Criminal Case.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing in CR-00143 RSM is the low end of the guidelines range as calculated by the Court at the time of sentencing. Defendant is free to make any recommendation permitted by law.

Plea Agreement - 8
*United States v. Michael D. Safford*, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Sentencing Recommendation in Supervised Release Case Number 18-CR-000131-RAJ.** As to the supervised release violations alleged in Case No. 18-CR-000131-RAJ, contained in the violation reports dated May 11, 2023 and July 11, 2024, Defendant agrees to admit violations 1-4, and 6. The government agrees to withdraw violation 5. In Case No. 18-CR-000131-RAJ, the government agrees to recommend a term of imprisonment upon revocation of no more than three months, to run consecutive to the sentence imposed in the new criminal case. Defendant may recommend any sentence authorized by law. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **King County Superior Court Case 24-1-02516-9 SEA.** The parties understand that upon a judgement being issued in this case, the King County Prosecuting Attorney's Office will move to dismiss the same criminal conduct as charged in King County Superior Court case number 24-1-02516-9 SEA.

14. **Forfeiture of Assets.** Defendant understands that the forfeiture of assets is part of the sentence imposed in this case. Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all firearms and

Plea Agreement - 9  
United States v. Michael D. Safford, CR-00143 RSM

UNITED STATES ATTORNEY  
700 STEWART STREET, SUITE 5220  
SEATTLE, WASHINGTON 98101  
(206) 553-7970

ammunition that were involved in his commission of Unlawful Possession of a Firearm, as charged in Count 1 of the Indictment. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to a Springfield Armory XD-M .40 caliber handgun and any associated ammunition, seized from Defendant's person on or about July 7, 2024.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated, and agrees not to assist anyone else in making a claim to this property.

The United States reserves its right to proceed against any remaining firearms and ammunition not identified in this Plea Agreement, including any property in which Defendant has any interest, if the firearms and ammunition were involved in his commission of the offense of Unlawful Possession of a Firearm, as charged in Count 1.

15. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

16. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea

Plea Agreement - 10
United States v. Michael D. Safford, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

17. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such

Plea Agreement - 11
United States v. Michael D. Safford, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 conduct into consideration by requesting the Court to apply additional adjustments or
2 enhancements in its Sentencing Guidelines calculations in order to increase the applicable
3 advisory Guidelines range, and/or by seeking an upward departure or variance from the
4 calculated advisory Guidelines range. Under these circumstances, the United States is
5 free to seek such adjustments, enhancements, departures, and/or variances even if
6 otherwise precluded by the terms of the Plea Agreement.

7      18. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant
8 acknowledges that, by entering the guilty plea(s) required by this Plea Agreement,
9 Defendant waives all rights to appeal from Defendant's conviction, and any pretrial
10 rulings of the Court, and any rulings of the Court made prior to entry of the judgment of
11 conviction. This includes, without limitation, any constitutional challenge to the
12 Defendant's conviction. Defendant further agrees that, provided the Court imposes a
13 custodial sentence that is within or below the Sentencing Guidelines range (or the
14 statutory mandatory minimum, if greater than the Guidelines range) as determined by the
15 Court at the time of sentencing, Defendant waives to the full extent of the law any right
16 conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal,
17 the sentence imposed by the Court, including any fine, restitution order, probation or
18 supervised release conditions, or forfeiture order (if applicable). This includes, without
19 limitation, any challenge to any aspect of the sentence and sentencing proceeding,
20 including any statutory or constitutional challenge to how the sentence was imposed.

21      Defendant also agrees that, by entering the guilty plea(s) required by this Plea
22 Agreement, Defendant waives any right to bring a collateral attack against the conviction
23 and sentence, including any restitution order imposed, except as it may relate to the
24 effectiveness of legal representation or a claim of prosecutorial misconduct based on facts
25 unknown or not reasonably discoverable prior to entry of the judgment of conviction.

26      Defendant acknowledges that certain claims, including certain claims for
27 prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea,

Plea Agreement - 12
*United States v. Michael D. Safford*, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

independently from this Plea Agreement. This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

21. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Plea Agreement - 13
*United States v. Michael D. Safford*, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Dated this 27th day of September, 2024.

_____
MICHAEL D. SAFFORD
Defendant

_____
JENIECE LACROSS  28859
Attorney for Defendant

for _____
AMY JAQUETTE
Assistant United States Attorney

for _____
KATHERINE G. COLLINS
Special Assistant United States Attorney

Plea Agreement - 14
*United States v. Michael D. Safford*, CR-00143 RSM

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970