Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>MICHAEL SAFFORD,<br><br>Defendant. | NOS. 24-CR-00143 RSM<br>18-CR-000131 RAJ<br><br>UNITED STATES' DISPOSITION AND SENTENCING MEMORANDUM |

Defendant Michael Safford was on supervised release when he was found passed out in the driver's seat of a car parked on a public street in Seattle, with a handgun visibly hanging out of his pants pocket. He now appears before this Court for sentencing pursuant to his guilty plea on September 30, 2024, to Count 1—felon in possession of a firearm—in violation of Title 18, United States Code, Section 922(g)(1). Additionally, Safford has agreed to admit supervised release violations 1-4, and 6, contained in the violation reports dated May 11, 2023 and July 11, 2024; the government agrees to withdraw violation 5.

For Case Number 24-CR-00143 RSM, the United States respectfully recommends the Court impose a custodial sentence of 37 months followed by a three-year term of

United States' Sentencing Memorandum - 1
*United States v. Michael Safford*,
24-CR-00143 RSM
18-CR-000131 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

supervised release, and a mandatory fee of $100. For Case Number 18-CR-000131 RAJ, the United States recommends the Court revoke Safford's supervised release and sentence him to three-months imprisonment, to run consecutively to the sentence imposed in 24-CR-00143 RSM.

## I.    BACKGROUND

On December 13, 2019, in the U.S. District Court, Western District of Washington, Safford was convicted of one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A), and 846, and was sentenced to 60 months incarceration, followed by four years of supervised release in Case Number 18-CR-000131-RAJ. Safford was present during the sentencing.

Safford's term of supervised release began on August 8, 2022. Safford has a long history of drug use during his term of supervision and on three occasions Your Honor endorsed Probation's referring Safford to treatment services. On May 8, 2023, Safford failed to appear at required inpatient substance abuse treatment and thereafter absconded from Probation. On May 11, 2023, Probation lodged a petition alleging the following violations:

1. Consuming marijuana on or before March 24, 2023.
2. Consuming alcohol and marijuana on or before March 30, 2023.
3. Consuming marijuana and opiates on or before April 13, 2023.
4. Failing to participate in substance use disorder treatment on May 8, 2023.

Based on this petition, a warrant was issued for Safford's arrest. Safford's whereabouts remained unknown to Probation for the next year.

On July 7, 2024, Safford was located. On that day, a citizen reported to Seattle Police Department that a male was seated in vehicle parked on a public street, with the door open and a gun hanging out of his pocket. Seattle Police responded and upon arrival to the reported location, observed Safford in the driver's side seat of the vehicle with the door open and one leg positioned outside the vehicle. Safford was unconscious and had a

United States' Sentencing Memorandum - 2
*United States v. Michael Safford*,
24-CR-00143 RSM
18-CR-000131 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

handgun visibly hanging out of his left pants pocket. He was seated next to an open container of what appeared to be an alcoholic beverage. Seattle Police retrieved a Springfield Armory XD-M .40 caliber handgun from Safford's top left pants pocket. The firearm was found loaded with a magazine that contained multiple unspent .40 caliber bullets and an additional .40 caliber bullet in the chamber. Seattle Police secured the handgun and woke Safford up. Upon waking, Safford immediate felt around his waistband, as if searching for a gun. Seattle Police then arrested him on his outstanding warrant related to his supervised release violations.

On July 9, 2024, Safford appeared for his initial hearing and denied alleged violations 1-4. Dkt. 1792. On July 12, 2024, Probation lodged a supplemental petition alleging the following violations:

5. Committing the crime of domestic violence assault, on or about August 12, 2023.

6. Committing the crime of unlawful possession of a firearm, on or about July 7, 2024, in King County Washington. Dkt. 1795.

On August 8, 2024, Safford was charged via complaint with unlawful possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1). Dkt. 1. A Grand Jury returned an indictment for the same offense on August 21, 2024. Dkt. 10. On August 14, 2024, Safford appeared at a continued supervised release hearing and denied alleged violations 5 and 6. Dkt 1810.

On September 27, 2024, pursuant to a plea agreement, Safford pleaded guilty to the sole count in the indictment. Dkt. 16. The Court accepted Safford's guilty plea on October 17, 2024. Dkt. 22. A disposition and sentencing hearing for both cases is scheduled for December 20, 2024. Dkt 1816; Dkt. 16.

United States' Sentencing Memorandum - 3
*United States v. Michael Safford*,
24-CR-00143 RSM
18-CR-000131 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II.   SENTENCING GUIDELINES CALCULATIONS FOR 24-CR-00143 RSM

### A.   Offense Level

The United States and Safford, pursuant to the plea agreement between the parties, have agreed that a base-level offense of 20 applies. Dkt. 18 at 8; PSR ¶3. Additionally, pursuant to the plea agreement, Safford should receive a three-level reduction for acceptance of responsibility. PSR ¶¶17, 27-28. This results in a total agreed upon offense level of 17.[1]

### B.   Criminal History Category

Safford has a significant criminal history that is accurately detailed in the Presentence Investigation Report. In 2005, Safford was convicted of unlawful possession of a firearm. PSR ¶40. He received 8 months of home detention and 12 months of supervision, during which time he violated his supervision repeatedly for drug use and failure to comply with treatment. In 2008, he sustained a conviction for Possession with Intent to Deliver Cocaine and received 20 months in custody. PSR ¶42. While on supervision for that case, Safford repeatedly violated by using drugs, failing to comply with drug treatment, and committing new law violations. In 2012, Safford was convicted of Assault for headbutting, slapping, kicking his then-girlfriend. PSR ¶43. Most recently, in 2018, Safford was convicted in this Court of Conspiracy to Distribute Controlled Substances - the felony conviction that is the foundation of this offense. PSR ¶¶30-48. Safford has 9 criminal history points, putting him in Category IV. PSR ¶51.

### C.   Guidelines Range

With a total offense level of 17 and at Category IV, pursuant to the parties' plea agreement, the guidelines range would be 37 to 46 months imprisonment. Dkt. 18 at 8; PSR ¶3.

---

[1] While we recognize that the Probation Office calculates a higher base-offense level, the government is recommending a sentence consistent with the parties' understanding of the base-offense level at the time of the plea.

United States' Sentencing Memorandum - 4
*United States v. Michael Safford*,
24-CR-00143 RSM
18-CR-000131 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III. FACTORS RELATED TO SENTENCING RECOMMENDATION

For Case Number 24-CR-00143 RSM, the United States, in accordance with the parties' plea agreement, recommends a sentence of 37 months' confinement, followed by a 3-year term of supervised release. This sentence is sufficient but not greater than necessary to meet the goals of sentencing. The United States believes a 37-month sentence is appropriate in light of "the nature and circumstances of the offense," and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(C). For his supervised release violations in Case Number 18-CR-000131 RAJ, the government is recommending revocation and a 3-month term of imprisonment.

### A. Nature and Circumstances, and Seriousness of the Offense

Although Safford was charged only with one count of unlawful possession of a firearm, the facts and circumstances surrounding that possession are significant. Safford was found passed out in a car on a public street in Seattle, with the car the door wide open, with an unsecured, loaded handgun obviously displayed. Additionally concerning is that the gun had bullet in the chamber. It is unknown for how long he sat in that position. During that time that Safford was unconscious, that gun could have been taken by any passerby – a person intending to do harm, a child. Further, Safford was found in this passed-out state while in a position of control of a vehicle with a bottle of alcohol sitting next to him. Alcohol, plus driving, plus a loaded and chambered firearm is serious danger to the public. Safford committed this offense after a year of absconding from supervision. Unfortunately, Safford's offense is consistent with his supervised release violations – his inability to control his alcohol and drug use, and his refusal to accept the treatment options that have been offered to him.

United States' Sentencing Memorandum - 5
*United States v. Michael Safford*,
24-CR-00143 RSM
18-CR-000131 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

B. **History and Characteristics of the Defendant**

By all accounts, Safford had a very difficult childhood and has been involved with the criminal justice system beginning at an early age. Safford has a criminal history dating back to the age of 15 when he was arrested for driving a stolen vehicle and use of drug paraphernalia and drugs. PSR ¶31. In 2001, at the age of 16, Safford was already selling cocaine. PSR ¶33. The government acknowledges that Safford experienced violence and neglect in his childhood and may have self-medicated with beginning at an early age. PSR ¶96-98. This drug use followed him into his adulthood, and he has struggled with addiction for a long time. Still, Safford has a history of failing to learn from his mistakes.

While Safford periodically engaged in treatment programs, he appears not to be receptive to them; again and again quickly returning to using marijuana and alcohol in violation of his terms of supervised release. PSR ¶99-113. When given the opportunity to attend inpatient treatment, Safford fled. Safford's underlying felony conviction resulted from his involvement in a large-scale drug trafficking network, with Safford acting as a "middleman" who facilitated transactions. PSR ¶48. Given Safford's past involvement with organized crime, and his active substance abuse, his possession of a firearm is even more alarming.

Taking into account Safford's difficult upbringing and his alcohol and drug addiction, and balancing that against his substance use in violation of the terms of his supervised release, absconding from Probation, and possession of a firearm, a below-Guidelines sentence of 37 months for possessing a firearm, and a 3-month sentence for his supervised violations is appropriate.

C. **Need to Promote Respect for the Law, Provide Just Punishment for the Offense, and Afford Adequate Deterrence**

Sentences of 37 months, and 3 months, promotes respect for the law, provides just punishment for the offense and affords adequate deterrence. Safford is no stranger to the

United States' Sentencing Memorandum - 6
*United States v. Michael Safford*,
24-CR-00143 RSM
18-CR-000131 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

criminal justice system, and his recent prison sentence was a lengthy one - 60 months. He was only released from custody 2 years ago. Despite significant time spent in prison, Safford decided that he wanted (or needed) to illegally possess a handgun on the streets of Seattle. His motivation for this remains unknown and it begs the question of why he made that choice. This sentence recommendation is appropriate here to promoting respect for the law, providing just punishment, and adequately deterring Safford from engaging in similar or more serious conduct in the future.

D.   **Need to Protect the Public from Further Crimes**

In committing this offense, Safford put the people of Seattle in significant danger. The government harbors true concerns why Safford was keeping a loaded firearm at-the-ready, and questions whether in the future Safford may feel the need to protect himself in escalating ways, especially given his inability to remain sober, and resistance to accepting help for his addiction.

## IV.   CONCLUSION

For the reasons set forth above, and in accordance with the parties' negotiated plea agreement, for Case Number 24-CR-00143 RSM, the government recommends a custodial sentence of 37 months, to be followed by a three-year term of supervised release, and a mandatory fee of $100. For his supervised release violations, in Case Number 18-CR-000131 RAJ, the government recommends a three-month sentence, to be served consecutively.

//
//
//
//
//
//

United States' Sentencing Memorandum - 7
*United States v. Michael Safford*,
24-CR-00143 RSM
18-CR-000131 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

DATED this 13th day of December 2024.

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

 *s/ Katherine G. Collins*
KATHERINE G. COLLINS
Special Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4356
Email: katherine.collins@usdoj.gov

United States' Sentencing Memorandum - 8
*United States v. Michael Safford*,
24-CR-00143 RSM
18-CR-000131 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970